UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY FILED
Mar 02 2023
U.S. DISTRICT COURT
Northern District of WV

| | |
|---|---|
| ERGON-WEST VIRGINIA, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL S. REGAN, in his official capacity as the Administrator of the United States Environmental Protection Agency, <br><br> Defendant. | Civil Action No. _____ <br><br> **5:23-CV-76 (Bailey)** |

# COMPLAINT

Plaintiff Ergon-West Virginia, Inc., for its Complaint against Defendant Michael S. Regan in his official capacity as Administrator of the United States Environmental Protection Agency ("Administrator"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. The Administrator has failed to perform a non-discretionary duty to grant or deny Plaintiff's petitions for small refinery hardship exemptions under the Clean Air Act ("CAA") within the timeframe mandated by 42 U.S.C. § 7545(o)(9)(B)(iii).

2. Although more than 60 days have passed since the Administrator was provided with Plaintiff's notice of intent to initiate this lawsuit on November 29, 2022, the Administrator still has not granted or denied Plaintiff's petition.

3. Plaintiff seeks a declaration that the Administrator is in violation of the Clean Air Act, an order compelling the Administrator to grant or deny Plaintiff's petitions by a date certain, and Plaintiff's fees and costs for this action.

## JURISDICTION

4. This action arises under the Clean Air Act, § 211, 42 U.S.C. § 7545(o). This Court has jurisdiction over Plaintiff's claims pursuant to 42 U.S.C. § 7604(a) and 28 U.S.C. §§ 1331 (federal question), and 1361 (mandamus). This Court also has authority to order declaratory and injunctive relief pursuant to 42 U.S.C. § 7604 and 28 U.S.C. §§ 1361, 2201, and 2202 and award plaintiff's reasonable attorneys' fees and costs under 42 U.S.C. § 7604(d).

5. By certified letter dated November 29, 2022, Plaintiff provided the Administrator with written notice of Plaintiff's claim and of Plaintiff's intent to initiate suit to remedy this Clean Air Act violation pursuant to 42 U.S.C. § 7604(b) and 40 C.F.R. §§ 54.2, 54.3. A true and correct copy of this notice is attached as Exhibit A.

6. The Administrator was provided with Plaintiff's notice of intent to sue on November 29, 2022, by U.S. certified mail and electronic mail. A true and correct copy of the email sent to the Administrator on November 29, 2022 is attached as Exhibit B.

## VENUE

7. Venue is proper in this district under 28 U.S.C. § 1391(e)(1). The Administrator is an officer or employee of the United States or an agency thereof and is sued in his official capacity. Plaintiff resides in this judicial district, and no real property is involved in this action.

## PARTIES

8. Plaintiff Ergon-West Virginia, Inc. is incorporated under the laws of Mississippi and has its principal place of business in Newell, West Virginia. Plaintiff is a refiner of petroleum products.

9. Plaintiff is a "person" within the meaning of 42 U.S.C. § 7602(e).

10. Defendant Michael S. Regan is the Administrator of the United States Environmental Protection Agency. The Administrator is responsible for implementing the CAA, including the requirement to grant or deny petitions for small refinery hardship exemptions within 90 days of receipt. Administrator Regan is sued in his official capacity.

**FACTS**

11. The CAA requires that transportation fuel sold or introduced into commerce in the United States contain minimum volumes of renewable fuel. The United States Environmental Protection Agency ("EPA") and the Administrator oversee this requirement through their administration of the Renewable Fuel Standards ("RFS") program. *See* 42 U.S.C. § 7545(o).

12. As a refiner of petroleum products in the United States, Plaintiff is subject to the RFS requirements under the CAA. *See* 42 U.S.C. § 7545(o)(2)(A)(iii)(I) & (3)(B)(ii)(I).

13. Plaintiff is a "small refinery" under the CAA, because Plaintiff's average aggregate crude oil throughput does not exceed 75,000 barrels. *See* 42 U.S.C. § 7545(o)(1)(K).

14. The CAA allows small refineries to petition for hardship relief from the RFS program, and EPA must grant that relief if the small refinery demonstrates it will suffer disproportionate economic hardship. *See* 42 U.S.C. § 7545(o)(9).

15. The CAA imposes a mandatory deadline for the Administrator to decide petitions for small refinery hardship relief: "The Administrator shall act on any petition submitted by a small refinery for a hardship exemption not later than 90 days after the receipt of the petition." 42 U.S.C. § 7545(o)(9)(B)(iii).

16. Relevant to this lawsuit, Plaintiff petitioned for small refinery hardship relief for each of the 2016, 2017, and 2018 compliance years. In those petitions, Plaintiff documented the reasons why RFS compliance would cause disproportionate economic hardship.

17. EPA denied Plaintiff's 2016 hardship petition, and Plaintiff petitioned for review of that decision to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit concluded that EPA's denial was arbitrary and capricious, and the court vacated EPA's decision and remanded Plaintiff's 2016 hardship petition back to the agency. *Ergon-W. Virginia, Inc. v. EPA* ("*Ergon I*"), 896 F.3d 600, 601 (4th Cir. 2018).

18. While Plaintiff waited for EPA to decide its 2016 hardship petition for a second time, Plaintiff submitted hardship petitions for the 2017 and 2018 compliance years. EPA then denied all three hardship petitions at the same time.

19. Plaintiff again petitioned for review, this time for all three compliance years 2016-2018, and the Fourth Circuit again vacated EPA's denial as arbitrary and capricious. *Ergon-W. Virginia, Inc. v. EPA* ("*Ergon II*"), 980 F.3d 403, 422 (4th Cir. 2020). The Fourth Circuit remanded Plaintiff's hardship petitions to EPA "for further proceedings consistent with this opinion." *Id*.

20. EPA received Plaintiff's hardship petitions when the Fourth Circuit's mandate issued on January 11, 2021. Now, more than two years later, the Administrator still has not decided Plaintiff's remanded hardship petitions, contrary to 42 U.S.C. § 7545(o)(9)(B)(iii).

21. Over the past two years, Plaintiff and its counsel have communicated with EPA via emails, letters, and telephone or video conferences on numerous occasions concerning Plaintiff's remanded 2016, 2017, and 2018 hardship petitions. Plaintiff and its counsel have reminded EPA of the Administrator's non-discretionary duty to decide Plaintiff's hardship petitions within 90 days and urged the Administrator to act. The Administrator's failure to do so has left Plaintiff with no choice but to bring this lawsuit.

22. The Administrator's disregard for the 90-day statutory deadline to decide Plaintiff's hardship petitions is unfortunately not unique. In a recent report, the United States Government Accountability Office ("GAO") found that EPA resolved small refinery hardship petitions for the 2019 compliance year "on average, more than 700 days" after receiving them, or 610 days after the statutory deadline.[1]

23. More than 60 days has passed since the Administrator was provided with Plaintiff's notice of intent to sue. *See* 42 U.S.C. § 7604(b)(2). Before filing this complaint, Plaintiff again contacted EPA, and the agency declined to commit on behalf of the Administrator to decide Plaintiff's hardship petitions by any date certain.

---

[1] GAO, Renewable Fuel Standard: Actions Needed to Improve Decision-Making in the Small Refinery Exemption Program, GAO23104273, at 48 (Nov. 2022), https://www.gao.gov/products/gao-23-104273.

24. Plaintiff's interests have been, are being, and will continue to be, damaged by the Administrator's failure to comply with the statutory decision deadline. The Administrator's failure to act further deprives Plaintiff of procedural rights and protections to which it is entitled.

25. The relief requested herein would redress these injuries.

## CLAIM FOR RELIEF

26. Plaintiff realleges and incorporates by reference paragraphs 1 through 25 of this Complaint, as if fully set forth herein.

27. The Administrator has a non-discretionary duty to decide Plaintiff's petitions for small refinery hardship exemptions within 90 days of receipt. *See* 42 U.S.C. § 7545(o)(9)(B)(iii).

28. The CAA allows any person to bring suit to compel the Administrator to perform his non-discretionary duties. *See* 42 U.S.C. § 7604(a).

29. It has been more than 90 days since the Administrator received Plaintiff's remanded 2016, 2017, and 2018 hardship petitions.

30. After more than two years since the Administrator received Plaintiff's remanded 2016–2018 hardship petitions, it is beyond dispute that the Administrator has failed to act diligently in deciding those petitions.

31. Because more than 60 days have passed since the Administrator was provided with Plaintiff's notice of intent to initiate this lawsuit, Plaintiff has satisfied the CAA's notice requirement. 42 U.S.C. § 7604(b).

32. The Administrator's failure to act has violated, and continues to violate, the CAA, § 211, 42 U.S.C. § 7545(o), and constitutes a "failure of the Administrator to perform any act or duty . . . which is not discretionary with the Administrator." 42 U.S.C. § 7604(a).

33. The Administrator's violation is ongoing and will continue unless remedied by the Court.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against the Administrator providing the following relief:

A. A declaration that the Administrator has violated the CAA by failing to grant or deny Plaintiff's remanded 2016, 2017, and 2018 petitions for small refinery hardship exemptions within 90 days of receipt; and

B. An order compelling the Administrator to perform his non-discretionary duty to grant or deny Plaintiff's remanded 2016, 2017, and 2018 hardship petitions by an expeditious date certain; and

C. An order retaining jurisdiction over this matter until such time as the Administrator complies with his non-discretionary duty under the CAA; and

D. An order awarding Plaintiff its costs of litigation, including reasonable attorneys' fees, under 42 U.S.C. § 7604(d); and

E. All other and further relief as the Court deems just and equitable.

Dated: March 2, 2023.

Respectfully submitted,

By: *s/ Larry J. Rector*

Larry J. Rector (Bar No. 6418)
STEPTOE & JOHNSON PLLC
400 White Oaks Blvd.
Bridgeport, West Virginia 26330
Telephone: 304.933.8151
larry.rector@steptoe-johnson.com

Jonathan G. Hardin (*pro hac vice pending*)
Michael R. Huston (*pro hac vice pending*)
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: 202.654.6297
Facsimile: 202.654.6211
JHardin@perkinscoie.com
MHuston@perkinscoie.com

*Attorneys for Ergon-West Virginia, Inc.*